**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

WESLEY ULMER,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Civil Action No. _____
                                       )
THE HOME DEPOT, INC.,                  )
                                       )
        Defendant.                     )
                                       )

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Home Depot U.S.A., Inc. ("Home

Depot"), incorrectly named The Home Depot, Inc. in the Complaint, by and through its

undersigned counsel, hereby gives notice of the removal of this action to the United States

District Court for the District of Delaware, and in support of its notice states:

**1.      State Court Action**

Plaintiff Wesley Ulmer ("Plaintiff") initiated an action that is pending in the Superior

Court of the State of Delaware In and For New Castle County, styled *Wesley Ulmer v. The Home

Depot, Inc.*, and designated case no. 06C-06-238-PLA.

**2.      Nature of The Action in Plaintiff's Complaint**

Plaintiff's Complaint purportedly seeks to assert claims of (1) Beach of Contract (Breach

of Duty of Good Faith and Fair Dealing); and (2) Punitive Damages (Intentional, Malicious and

Wanton Behavior of Defendants). *See* Complaint, attached hereto as Exhibit A. Specifically,

Plaintiff alleges that Home Depot "falsely accused him of using sexually abusive and

inflammatory language in the men's room." *Id.* at ¶10. He further alleges that Home Depot

Managers "told him to admit that he did it" and made him write a confession after which his

employment was terminated. *Id.* at ¶¶ 12-17. Plaintiff seeks relief in the form of compensatory damages, punitive damages, litigation costs, attorney's fees and pre-judgment interest. *Id.* at ¶ 28, WHEREFORE clause following ¶ 28.

### 3.    Removal of State Court Actions

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, this action is removable under 28 U.S.C. § 1441(a) in that the district court would have original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). *See* Compl. at ¶ 1.

### 4.    Diversity of Citizenship

1.    Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States...." In this matter, removal is appropriate as the parties are diverse and the amount in controversy exceeds $75,000.

2.    Diverse Citizenship

Plaintiff is a citizen of the State of Pennsylvania. *See* Compl. at ¶ 1. Home Depot is, and was at the time that this action commenced, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Georgia. As a result, for purposes of 28 U.S.C. § 1332(a)(1), there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(c)(1).

### 3.    Amount in Controversy

Plaintiff's Complaint fails to allege an amount in controversy, and is therefore fatally defective. However, in the Complaint, Plaintiff requests judgment "in the amount of his compensatory damages, punitive damages, litigation costs, attorney's fees and pre-judgment interest." Compl. at ¶ 28, WHEREFORE clause following ¶ 28. Based on the relief sought, the amount in controversy reasonably appears to exceed $75,000, without regard to any setoff or counterclaim, and exclusive of interest and costs as required for diversity jurisdiction under 28 U.S.C. § 1332(b).

Because a reasonable reading of Plaintiff's Complaint is that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and this cause is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

### 5.    **Venue**

The United States District Court for the District of Delaware is the judicial district embracing the place where the state court action was brought and is pending. The District of Delaware is, therefore, the proper district court to which this case should be removed. *See* 28 U.S.C. § 127 and §§ 1441(a) and 1446(a).

### 6.    **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), the removal of this action is timely because 30 days have not elapsed since Defendant Home Depot U.S.A., Inc. received a copy of Plaintiff's Complaint.

7.    **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), along with this Notice, Home Depot is simultaneously

filing copies of all process, pleadings, and orders existing on file in the State court in this

removed action.  Copies of these documents are attached hereto as Exhibit B.  Further, pursuant

to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the removal of this

action to Plaintiff and will file a true and correct copy of this Notice of Removal with the Clerk

of the Superior Court of the State of Delaware In and For New Castle County.  A copy of the

Notice of Filing Notice of Removal which will be filed in the state court, without the exhibit, is

attached hereto as Exhibit C.

David H. Williams (#616)
dwilliams@morrisjames.com
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900

Grace E. Speights
gspeights@morganlewis.com
Richard W. Black
rblack@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

Dated July 28, 2006          Attorneys for Defendant Home Depot U.S.A, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2006, a true and correct copy of the

foregoing Notice of Removal was sent via United States mail, postage prepaid, to:

R. Stokes Nolte
1010 N. Bancroft Parkway
Suite 21
Wilmington DE 19805

David H. Williams

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Wesley Ulmer

**DEFENDANTS**
The Home Depot, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Pennsylvania**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Delaware and Georgia**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
**R. Stokes Nolte**
**1010 N. Bancroft Parkway, Suite 21**
**Wilmington, DE 19805**

Attorneys (If Known)
**David H. Williams**
**Morris, James, Hitchens & Williams LLP**
**222 Delaware Avenue**
**P.O. Box 2306**
**Wilmington, DE 19899**

**Grace E. Speights**
**Richard W. Black**
**Morgan, Lewis & Bockius LLP**
**1111 Pennsylvania Ave., NW**
**Washington, DC 20004**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. § 1332(a)**

Brief description of cause: **Breach of Contract, Breach of Duty of Good Faith and Fair Dealing**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND **Not specified**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE **July 28, 2006**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       **(a)  Plaintiffs-Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

         **(b)  County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

         **(c)  Attorneys**. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.       **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**         Example: U.S. Civil Statute: 47 USC 553
                                  Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

06 - 459

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____       _____
(Date forms issued)                    (Signature of Party or their Representative)

Phillip Cosalp

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WESLEY ULMER,                              ) | |
|                                            ) | |
|     Plaintiff,         ) | |
|                                            ) | |
|     v.                 ) | Civil Action No. _____ |
|                                            ) | |
| THE HOME DEPOT, INC.,                      ) | |
|                                            ) | |
|     Defendant.         ) | |
|         ) | |

**EXHIBIT A  TO DEFENDANT'S NOTICE OF REMOVAL**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

WESLEY ULMER                          )
                        Plaintiff,    )     C.A. NO.: 06C-06-238  PLA
                                      )     ARBITRATION
        v.                            )     TRIAL BY JURY OF 12 DEMANDED
                                      )
THE HOME DEPOT, INC.                  )
                                      )
                        Defendant.    )

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

To summon the above named defendant so that within 20 days after service hereof
upon defendant, exclusive of the day of service, defendant shall serve upon R. Stokes Nolte,
Esquire, plaintiff's attorney, whose address is 1010 N. Bancroft Parkway, Suite 21,
Wilmington, DE 19805, an answer to the complaint (and, if an affidavit of demand has been
filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of
demand if any has been filed by plaintiff).

Dated: 7/5/06                         Sharon Agnew
                                      Prothonotary

                                      Per Deputy

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the
day of service, to serve on plaintiff's attorney named above an answer to the complaint (and,
if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be
rendered against you for the relief demanded in the complaint (or in the affidavit of demand,
if any).

                                      Sharon Agnew
                                      Prothonotary

                                      Per Deputy

SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

RECEIVED

06C-06-238 PLA

COUNTY: (N) K   S                    CIVIL ACTION NUMBER: 06 06-06 5 48
CIVIL CASE CODE: CMIS                 CIVIL CASE TYPE: Civil Miscellaneous
              (See Reverse Side for Code and Type) DELAWARE JUDICIARY

| Caption: | Name and Status of Party Filing Document: |
|---|---|
| Wesley Ulmer | Wesley Ulmer, Plaintiff |
| Plaintiff, | Document Type: (e.g., Complaint, Answer with Counterclaim) |
| v. | Complaint, summons, Praecipe, Form 30 Int._____ |
| Home Depot USA | Non-Arbitration___ |
| Defendant. | (Certificate of Value May Be Required) |
|  | Arbitration XX___ Mediation ___ Neutral Assessment___ |
|  | Defendant (Circle One) ACCEPT    REJECT |
|  | Jury Demand ___ XX___ Yes    _____No |
|  | Track Assignment Requested: (Circle One) |
|  | **EXPEDITED**    **STANDARD**    **COMPLEX** |
| Attorney Name(s): | Identify any related cases now pending in the Superior Court by caption and civil action number including judge's initials |
| R. Stokes Nolte, Esq. |  |
| 2301 |  |
| Attorney ID(s): | Explain the relationship(s) |
| Nolte & Associates |  |
| Firm Name: |  |
| 1010 N. Bancroft Parkway, Suite 21 |  |
| Address: | Other unusual issues that affect case management: |
| Wilmington, DE 19805 |  |
| (302) 777-1700 |  |
| Telephone Number: | (If additional space is needed, please attach pages) |
| (302) 777-1705 |  |
| Fax Number. |  |
| rnolte@nb-de.com |  |
| E-Mail Address: |  |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| WESLEY ULMER | ) | 2006 JUN 23 ☐ 5: 48 |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| THE HOME DEPOT, INC. | | ) |
| | | ) |
| | Defendant. | ) |

C.A. No. 06-06-238 PLA
DELAWARE JUDICIARY
ARBITRATION
TRIAL BY JURY OF 12 DEMANDED

## COMPLAINT

1.     Plaintiff, Wesley Ulmer, (Mr. Ulmer) is a 20 year-old adult individual residing within the

State of Pennsylvania at 5010 Concord Road, Aston, PA 19014.

2.     Defendant, Home Depot USA, is a foreign corporation that conducts business in Delaware

with a retail facility located at 601 Naamans Road Claymont, DE 19703.

3.     Plaintiff began working for Defendant on May 2, 2004.

4.     Plaintiff suffers from panic attacks and has a diagnosed panic disorder in June, 2005. At all

times relevant to this complaint, Defendant was aware of the Plaintiff's diagnoses.

5.     On December 16, 2005, a vendor of Defendant alleged that someone in the restroom used

sexually abusive and using inflammatory language in the men's room.

6.     Home Depot began investigating the alleged incident on December 20, 2005.

7.     The only restrooms available at Home Depot are open to the public, so both employees and

customers use the same facilities.

8.     On December 23, 2005, Plaintiff was called into the Assistant Manager, Vincent Slanga's,

office.

9.     There he was confronted by Vincent Slanga, Terence Monaghan (Assistant Store Manager)

1

and Dan Alfaro (Loss Prevention Manager), regarding an incident that allegedly took place in the restroom on December 16, 2005.

10.    The Defendant's employees called Plaintiff into Mr. Slanga's office and falsely accused him of using sexually abusive and inflammatory language in the men's room. .

11.    Plaintiff denied speaking to anyone in the restroom.

12.    The Defendant's Managers advised Plaintiff what occurred, supplying all of the details of what is alleged to have happened in the bathroom, and told him to admit that he did it.

13.    The three managers repeatedly told Plaintiff to confess so that they all could return to work. One or more of the Managers suggested to Plaintiff that maybe Plaintiff was talking on his cell phone and the vendor simply overheard the conversation.

14.    Plaintiff reacted to the stress of the situation and "confessed" to talking on his cell phone. The managers then sent Plaintiff to Dan Alfaro's office to write the "confession." They locked Plaintiff in the office.

15.    When Plaintiff had written his "confession" the managers read it and informed Plaintiff that it is "not enough" and informed him that they wanted him to "admit everything" and then everyone could go back to work.

16.    Plaintiff then added more written information to the "confession."

17.    Once he had finished the "confession" he was returned to the Manager's office where he was informed that he has been terminated.

18.    Plaintiff did not use sexually abusive and inflammatory language in the men's room.

19.    As a result of the above-referenced incident, Plaintiff, Mr. Ulmer, has suffered emotional

2

injuries. He now has to see his doctor for treatment of his panic disorder every month, whereas before this incident he was only seeing him once every 3 to 4 months.

20.    As a further result of the above-referenced incident, Mr Ulmer suffered pain and suffering and may continue to experience the same for an indefinite time in the future.

## COUNT I- BREACH OF CONTRACT
### Breach of Duty of Good Faith and Fair Dealing

21.    Paragraphs 1-20 of Plaintiffs' Complaint are incorporated herein by reference as though set forth at length.

22.    The contract of employment between Mr. Ulmer and Home Depot was subject to a duty of good faith and fair dealing by both parties thereto.

23.    By their actions and conduct as set forth herein, the defendants breached the duty of good faith and fair dealing arising and accompanying Mr. Ulmer's contract of employment with Home Depot.

24.    As a direct and proximate result of the conduct of the defendants as outlined above, Mr. Ulmer was damaged as set forth herein.

WHEREFORE, Plaintiff, Mr. Ulmer, requests that this Court enter judgment in his favor and against Defendant, Home Depot, in the amount of his compensatory damages, punitive damages, litigation costs, attorney's fees and pre-judgment interest.

## COUNT II- PUNITIVE DAMAGES
### Intentional, Malicious and Wanton Behavior of Defendants

25.    Paragraphs 1-24 of Plaintiffs' Complaint are incorporated herein by reference as though set forth at length.

3

26.     Defendants acted intentionally, maliciously and wantonly when they locked Mr. Ulmer in
an office to write a "confession"

27.     Defendants acted intentionally, maliciously and wantonly when they terminated Mr. Ulmer
from his position.

28.     As a direct and proximate result of the conduct of the defendant as outlined above, Mr.
Ulmer was damaged as set forth herein.

        WHEREFORE, Plaintiff, Mr. Ulmer, requests that this Court enter judgment in his favor
and against Defendants, the New Castle County Council, in the amount of his compensatory
damages, punitive damages, litigation costs, attorney's fees and pre-judgment interest.

                                        R. Stokes Nolte
                                        DE Bar ID No 2301
                                        1010 N. Bancroft Parkway
                                        Suite 21
                                        Wilmington, DE 19805
                                        (302) 777-1700
                                        Attorney for Plaintiff

Date:

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

WESLEY ULMER,                    )
                                 )
    Plaintiff,               )
                                 )
    v.                       )        Civil Action No. _____
                                 )
THE HOME DEPOT, INC.,            )
                                 )
    Defendant.               )
                                 )

**EXHIBIT B  TO DEFENDANT'S NOTICE OF REMOVAL**

06C-06-238
FILED   June 23,2006
JUDGE:    PLA
STATUS:   NEW    E-FILED:

CIVIL MISCELLANEOUS CATEGORY
ARBITRATION:
JURY TRIAL

NOLTE R. STOKES          WESLEY ULMER

                              -- VS --
                    THE HOME DEPOT, INC.

06/23/2006      1   INITIAL ARBITRATION COMPLAINT - MISCELLANEOUS
                    R. STOKES NOLTE, ESQ.

07/05/2006          SUMMONS SENT TO SHERIFF FOR SERVICE ON
                    THE HOME DEPOT, INC.

07/14/2006      2   WRIT RETURNED
                    SERVED THE HOME DEPOT BY SERVING SCOTT LASCALA W/
                    CTC, REGISTERED AGENT, ON 7/11/06.

**Summons and Complaint**

Court:   Superior Court (New Castle)

*Return Date: 07/26/2006*

**CA#06C-06-238**

**WESLEY ULMER**
**vs.**
**THE HOME DEPOT INC**

**Service Count:  1**

*Court Date:*

Return of Service to be made by:   __/__/__
Return of Service Mailed on:   __/__/__

Received Date:    07/06/2006
Prepared by:  Jmerrill

**Service On**

**THE HOME DEPOT INC**

R/A CORPORATION TRUST COMPANY
1209 ORANGE STREET
WILMINGTON, DE  19801

**File Comments**

Attempted Service _____

Attempted Service _____

Attempted Service _____

Attempted Service _____

Attempted Service _____

**Service**
**Served By** _Pile_
**Served** _Scascala_
**Date Served** _7/11/06_  **Time Served** _1110_
**Place Served** _____
**Substitute** _____

**Description of Person Served**
Male            Female
Hair Color           Skin Color            Ethnicity
Height           Weight           Age
Other Identifying Marks

**Attorney:**

NOLTE & BRODOWAY , P A

THREE MILL ROAD
SUITE 304
Wilmington, DE 19806

(302)777-1700

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

WESLEY ULMER )
             Plaintiff, )    C.A. NO.: *06C-06-238 PLA*
            )    ARBITRATION
     v. )    TRIAL BY JURY OF 12 DEMANDED
            )
THE HOME DEPOT, INC. )
            )
           Defendant. )

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY:**
**YOU ARE COMMANDED:**

    To summon the above named defendant so that within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon R. Stokes Nolte, Esquire, plaintiff's attorney, whose address is 1010 N. Bancroft Parkway, Suite 21, Wilmington, DE 19805, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated: *7/5/06*

                         *Sharon Agnew*
                         Prothonotary
                         Per Deputy

TO THE ABOVE NAMED DEFENDANT:
    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

                         *Sharon Agnew*
                         Prothonotary
                         Per Deputy

July 13, 2006

OFFICE OF THE SHERIFF

Served:  THE MOHE DEPOT INC

By serving their  R/A CORPORATION TRUST COMPANY, by delivering a copy of the within writ together with a copy of the Summons and Complaint to SCOTT LA SCALA, , of the said registered agent on 7/11/2006 at 11:10AM.

Fees Paid:  $30.00

Civil Action # 06C-06-238
Per: Deputy Sheriff, Clarence Everett

SO ANS;
SHERIFF

WRIT RET.  7-14-06

PER   Doreen Simmons

Document #  06011100

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WESLEY ULMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. _____ |
| | ) |
| THE HOME DEPOT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**EXHIBIT C TO DEFENDANT'S NOTICE OF REMOVAL**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| WESLEY ULMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06C-06-238 PLA |
| | ) | |
| THE HOME DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc. ("Home Depot"), incorrectly named The Home Depot,

Inc. in the Complaint, hereby gives notice that, on July 28, 2006, it removed this action to the United

States District Court for the District of Delaware. Attached hereto is a copy of Defendant's Notice

of Removal that has been filed with the United States District Court for the District of Delaware.

*See* Exhibit 1.

Respectfully submitted,

David H. Williams (#616)
dwilliams@morrisjames.com
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900

1-WA/2602064.1

Grace E. Speights
gspeights@morganlewis.com
Richard W. Black
rblack@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

Dated:  July 28, 2006          Attorneys for Defendant Home Depot U.S.A, Inc.

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| WESLEY ULMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06C-06-238 PLA |
| | ) | |
| THE HOME DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT 1 TO
DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of July, 2006, a true and correct copy of the

foregoing Defendant's Notice of Filing Notice of Removal was sent via United States mail,

postage prepaid, to:

> R. Stokes Nolte
> 1010 N. Bancroft Parkway
> Suite 21
> Wilmington DE 19805

David H. Williams