IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WESLEY ULMER | ) | |
|     Plaintiff, | ) | C.A. NO. 1:06-CV-00459-JJF |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| THE HOME DEPOT, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

 

*R. Stokes Nolte*
R. Stokes Nolte (#2301)
1010 N. Bancroft Parkway
Suite 21
Wilmington, DE 19805
(302) 777-1700
Attorney for Plaintiff

Date: August 29, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WESLEY ULMER | ) | |
|     Plaintiff, | ) | C.A. NO. 1:06-cv-00459-JJF |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| THE HOME DEPOT, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I.   Introduction.

Plaintiff submits this memorandum in opposition to Defendant's motion to dismiss for plaintiff's alleged failure to state a claim pursuant to Rule 12(b)(6) . The Complaint in this matter seeks damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing regarding the termination of the plaintiff which occurred in December 2005. Defendant's Motion alleges first that the Complaint fails to allege that defendant engaged in any fraud, deceit, or misrepresentation in the termination of plaintiff's employment. Second the Motion alleges that the Complaint fails to state facts suggesting the falsification or manipulation of the Plaintiff's employment records. Finally the motion challenges the allegations of punitive damages.

For the reason set forth below the Defendant's motion fails.

II.  Facts

As set forth in the complaint, the allegations of plaintiff are that while a store employee he was confronted by three managers of the store regarding an incident that allegedly took place in the store restroom on December 16, 2005.  (P. 1-9 Complaint) Defendant's managers falsely

accused Plaintiff of using sexually abusive language (P. 9) Plaintiff denied committing the act. Nevertheless the Managers pressured plaintiff to "confess" so that everyone could return to work. (P.13)  Defendant's managers supplied plaintiff with all of the details of the incident so that he would be able to confess.  They repeatedly pressured plaintiff to confess so that everyone could go back to work.  They suggested that maybe plaintiff was just talking on his cell phone.  Seeing no resolution and panicking under the stress plaintiff agreed to confess to talking on cell phone in order to end the situation and to allow everyone to return to work, including himself.  (P. 14) Plaintiff was then forced to write out a confession, which he did.  However, the managers would not accept the first written confession and required plaintiff admit to everything again promising that everyone could go back to work.  Plaintiff was locked in a room in order to add the additional information required by defendant's managers, which he did.  He was then terminated. (P. 17)

III. Argument

The parties agree that this Court must accept the well pled allegations of the complaint as true for purposes of this motion.  *Morse v. Lower Merion Sch. Dist*., 132 F3d 902 (3rd Cir. 1997) The parties agree that Delaware recognizes an narrow exception to the employment at will doctrine.  *DuPont v. Pressman*, 679 A.2d 436 (Del. 1996).  Apparently the parties do not agree as to the contents of the Complaint.  Of the four claims identified within the *Pressman* decision, two are clearly applicable here.  The Complaint alleges sufficient facts for a jury or trier of fact to determine that the Defendant: (1) the employer misrepresented an important fact and the employee relied thereupon, and (2) the employer falsified or manipulated employment records to create fictitious grounds for termination.. The complaint alleges that  the Managers promised that plaintiff would return to his job if plaintiff would confess to the incident.  However when

plaintiff did he was terminated. Those well plead facts would allow a determination that the employer misrepresented an important fact which the plaintiff relied upon regarding its present intentions. Further, the Complaint alleges that the Managers coerced the confession from plaintiff under circumstances they knew to be detrimental to him by repeatedly pressuring him to admit his action when he denied them, they overpowered his will by having three managers present in the office with him to continually pressure his admission to the incident at a time when the knew or should have know of his medical diagnosis of panic disorder. They overpowered his will by locking him in a room to write a confession to which they advised him of the contents of said confession. All the while, promising him he could return to his job, a promise they quickly broke. In short the complaint describes with sufficient detail a situation where the Managers actions were deceitful, and clearly manipulated the facts regarding plaintiffs employment.

Defendants argument overlooks the allegations of the Complaint that are not consistent with their versions of the facts. Defendants rendition of the facts paints a picture of a true and correct confession obtained as a result of aggressive but not inappropriate efforts of its employees. That picture is inconsistent with the allegations of the Complaint. Further, Defendant seems to stand on the grounds that there is no allegation within the Complaint that the defendant manipulated or falsified records. Defendants Managers coerced the confession they knew or should have known not to be correct. Such a fact is sufficient to meet the standard set forth in *Pressman*. Plaintiff denies involvement in the incident and contends the "confession" was coerced under the conditions that overcame his will. His actions were coerced by the promise that he could return to his job. The confession contains information not know to plaintiff but supplied by the managers.

Plaintiff concedes the limitations as to Punitive Damages set forth in *Pressman* .

In Summary, the Complaint in this matter is sufficient to defeat the Motion filed by defendants. To the extent that the Court is inclined to consider the Motion then Plaintiff request leave to file an amended complaint to set forth his allegations in greater detail.

          *R. Stokes Nolte*
R. Stokes Nolte (#2301)
1010 N. Bancroft Parkway
Suite 21
Wilmington, DE 19805
(302) 777-1700
Attorney for Plaintiff

Date: August 29, 2006