IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WESLEY ULMER,<br><br>    Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.,<br><br>    Defendant. | Civil Action No. 1:06-CV-00459-JJF |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Home Depot, U.S.A., Inc. ("Defendant" or "Home Depot"), incorrectly identified as "The Home Depot, Inc." in Plaintiff Wesley Ulmer's ("Plaintiff's") Complaint respectfully submits this Reply Memorandum in support of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).

## I.   INTRODUCTION

In opposing Home Depot's Motion to Dismiss ("Opp."), Plaintiff Wesley Ulmer ("Plaintiff") argues that his Complaint states two different claims under the limited implied covenant of good faith and faith dealing exception to the at-will employment doctrine enunciated in *E.I. Dupont de Nemours v. Pressman*, 679 A.2d 436 (Del. 1996).  First, Plaintiff argues that he has stated a claim under the *Pressman* category involving an employer's misrepresentation of an important fact and the employee's reliance upon the misrepresentation either to accept a new position or remain in a present one.  Second, Plaintiff argues that he has stated a claim under the *Pressman* category involving the falsification or manipulation of employment records to create fictitious grounds for termination.

1-WA/2620562.1

As discussed below and in Home Depot's opening memorandum, however, Plaintiff's Complaint does not state a claim under either of these *Pressman* categories and nothing in his opposition changes that fact. Indeed, Plaintiff has failed even to acknowledge, let alone address, the substantial case law advanced by Defendant in support of its Motion. Plaintiff's allegations, while colorful, simply do not state a claim under Delaware's very narrow exceptions to the at-will employment doctrine. For these reasons, the Court should grant Defendant's Motion to Dismiss.

## II. ARGUMENT

### A. Plaintiff's Complaint Fails to State a Claim Under The *Pressman* Category Involving An Employer's Misrepresentation Of Important Fact Relied Upon By The Employee.

In *Pressman*, the Supreme Court of Delaware recognized a claim under the limited implied covenant of good faith and faith dealing exception to the at-will employment doctrine where an employer misrepresents an important fact to an employee <u>and</u> the employee relies upon that fact either to accept a new position or remain in a present one. *See Pressman*, 679 A.2d at 442; *Lord v. Souder*, 749 A.2d 393, 401 (Del. 2000). Plaintiff argues that he has stated a claim under this narrow exception by arguing that his Complaint alleges that Home Depot "Managers promised that plaintiff would return to his job if plaintiff would confess to the incident" and that those same managers "overpowered [Plaintiff's] will" by their actions in investigating the incident. (Opp. at 2-3). Plaintiff's argument fails for several reasons.

First, Plaintiff has misstated the *Pressman* claim upon which he relies for his "misrepresentation" argument – offering instead an incomplete, truncated version of the actual claim. In his Opposition, Plaintiff initially argues that a claim is stated under *Pressman* where "the employer misrepresented an important fact and the employee relied thereupon." (Opp. at 2). Later, he states that a claim under *Pressman* is stated where "an employer misrepresented an

important fact which the plaintiff relied upon regarding its present intentions." (Opp. at 3). Neither of these statements correctly characterizes a misrepresentation claim under *Pressman*. Rather, a claim arises under *Pressman* where "the employer misrepresented an important fact and the employee relied thereupon *either to accept a new position or remain in a present one*." *Pressman*, 679 A.2d at 442 (emphasis added); *see also Lord*, 749 A.2d at 401. While Plaintiffs' notable omission of the italicized language in the previous sentence may assist him in arguing that the allegations of his Complaint state a claim, his characterization of the applicable standard is nonetheless incorrect and fails to recognize the specific scenario envisioned by *Pressman*.

This particular *Pressman* claim arises only where an employee relies on an employer's misrepresentation "to either accept a new position or remain in a present one" and courts have cautioned against an artificially expansive reading of Delaware's very narrow exceptions to the at-will employment doctrine. *See, e.g., Brodsky v. Hercules, Inc.*, 966 F. Supp. 1337, 1352 (D. Del. 1997) (declining to expand further the narrow exceptions to the at-will employment doctrine where the employer's conduct "d[id] not constitute the type of fraud and deceit that falls within the protective cocoon of the Covenant"). Moreover, this Court has also explained that this *Pressman* claim applies only when "the employer . . . make[s] a representation which is targeted to ensnare a specific employee and alter in some way his status as an at-will employee." *Brodsky*, 966 F.Supp. at 1351. For example, in *Shebar v. Sanyo Business Systems Corp.*, the plaintiff submitted a letter of resignation to his employer, Sanyo, after he had received an offer from a competitor. 526 A.2d 1144, 1146 (N.J. Super. 1987); *see also Pressman*, 679 A.2d at 442 (discussing *Shebar* as illustrative of a "misrepresentation" claim). In response, Sanyo's Vice President ripped the letter up and told the plaintiff that Sanyo does not fire its employees and that he "had a job for the rest of his life." *Id.* In reliance on the promise of lifelong employment,

Shebar remained in his position with Sanyo. *Id.* He was fired four months later. *Id.* Clearly, the employer's conduct in *Shebar* was sufficient to alter the employee's at-will status, and therefore breach the implied covenant of good faith and fair dealing.

Here, however, nothing in Plaintiffs' Complaint suggests that the three Home Depot managers in question misrepresented an important fact that Plaintiff relied upon to either accept a new position with another employer or to remain in his position with Home Depot. Rather, Plaintiff alleges that the Home Depot managers misrepresented to him that he would return to the job he already held if he admitted to the alleged lewd sexual conduct. Even if this allegation is taken as true, Plaintiff has failed to state a claim upon which relief can be granted because there is no allegation that he relied on the alleged misrepresentation to: (1) quit his job at Home Depot and take a job with another employer or (2) remain in his position with Home Depot instead of taking another job. As such, Plaintiff has not stated a "misrepresentation" claim under *Pressman*.

Moreover, it is worth noting that Plaintiffs' Opposition significantly embellishes the allegations of the Complaint in a transparent effort to avoid dismissal. Plaintiff's Opposition represents that his Complaint alleges that the Home Depot "Managers promised that plaintiff would return to his job if plaintiff would confess to the incident." (Opp. at 2). To the contrary, Plaintiffs' Complaint alleges only that "the three managers repeatedly told Plaintiff to confess so that they all could return to work." (Complaint, ¶ 13). That statement, even if true, did not alter Plaintiff's status as an at-will employee of Home Depot. Indeed, it is unclear from the statement whether the managers were even referring to Plaintiff, or simply themselves. Absent a clear misrepresentation, Plaintiff cannot sustain a claim for breach of the covenant of good faith and fair dealing. *See Brodsky*, 966 F.Supp. at 1351 (granting summary judgment for employer where

plaintiff alleged that the employer's RIF policy induced plaintiff to forego early retirement); *Fini v. Remington Arms Co., Inc.*, No. Civ. A. 97-12-SLR, 1999 WL 825604, at *4 (D. Del. Sept. 24, 1999) (reversing jury verdict for plaintiff where employer's alleged statements about whether Plaintiff would be invited to move to North Carolina were not sufficient to ensnare plaintiff to continue employment to his detriment). Accepting Plaintiff's allegations[1] as true, the managers' statements, however interpreted, may have prompted Plaintiff to confess to the incident in the bathroom, but they did *not* induce him to remain a Home Depot employee or to seek employment elsewhere. As before, Plaintiffs' Complaint should be dismissed.

### B. Plaintiff's Complaint Fails to State a Claim Under the *Pressman* Category Involving the Falsification of Employment Records.

In his Opposition, Plaintiff alleges for the first time that his confession was "coerced" by the Home Depot managers investigating the report of Plaintiff's lewd conduct. In turn, Plaintiff argues that his Complaint states a claim under the final *Pressman* category – involving the falsification of employment records – because the allegedly coerced confession constituted the falsification of an employment record. This argument is contradicted by the weight of applicable legal authority.

To avoid dismissal, Plaintiff simply argues that "Defendants [sic] Managers coerced the confession they knew or should have known not to be correct. Such a fact is sufficient to meet the standard set forth in *Pressman*." (Opp. at 3). Plaintiff, though, cites absolutely no legal authority to support this proposition or the notion that an employee's confession constitutes an "employment record" under *Pressman*. Courts, however, have repeatedly held that there must be

---

[1] A comparison of Plaintiff's Complaint with the "Facts" and "Argument" sections of Plaintiffs' Opposition makes clear that Plaintiff has added additional facts, not pled in the Complaint, as well as a significant amount of factual texture not included in the Complaint. However, it is the sufficiency of allegations in Plaintiffs' Complaint, as filed, that is at issue on this Rule 12(b)(6) motion, not the unpled facts included in his Opposition. Indeed, while Plaintiffs' opposition states multiple times that Home Depot managers "overpowered [Plaintiff's] will," that language does not appear in the Complaint.

an *actual* falsification of employment records, and that false reasons, statements, or rationales provided by the employer are insufficient to state a claim under *Pressman*. *See Williams v. Caruso*, 966 F.Supp. 287, 291 (D. Del. 1997) ("*Pressman* only held culpable the *manufacture* of grounds for dismissal, not the *statement* of a false reason for dismissal."); *EEOC v. Avecia*, 151 Fed. Appx. 162, 165-166 (3d Cir. 2005) (unpublished) ("If the employer did not actually falsify or manipulate employment records, then it does not matter if the employer gave a false rational for the termination") (attached as Exhibit C to Home Depot's initial memorandum).

Any suggestion by Plaintiff that his confession constitutes a falsified employment record should be rejected. Plaintiff's Complaint does not allege that anyone but the Plaintiff himself authored his confession. Unlike the embellished facts presented in Plaintiffs' Opposition, there is no allegation in the *Complaint* that the managers who interviewed Plaintiff misrepresented the nature of the third-party vendor's allegations of Plaintiff's lewd conduct, deceived Plaintiff about the allegations, invented the allegations, or, as the Opposition suggests, "coerced [a] confession that they knew or should have known not to be correct." Instead, Plaintiff's confession was created by his own hand. Unlike in *Pressman*, where a performance review was falsified in an effort to effectuate the plaintiff's termination, it has not been alleged that Home Depot manufactured Plaintiff's confession, or falsified or changed the confession after it was made. *See Pressman*, 679 A.2d at 442-444. Again, Plaintiffs' Complaint should be dismissed.

Finally, in the closing sentence of the Opposition, Plaintiff suggests that, to the extent the Court is inclined to grant Home Depot's Motion to Dismiss, he be permitted leave to file an amended Complaint. Home Depot fails to see how Plaintiff will be able to cure the legal deficiencies in his current Complaint through an amended Complaint, however, unless he is to substantially change or alter the facts as now alleged. Such an amendment would, at a minimum,

call into question the veracity of the current allegations. Thus, Plaintiffs' request should be denied and he should be made to stand on the allegations he has asserted.

## IV.   CONCLUSION

For the reasons set forth above, and the reasons set forth in Defendant's Memorandum of Law in Support of its Motion to Dismiss, the Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

/s/ David H. Williams

David H. Williams (#616)
dwilliams@morrisjames.com
MORRIS, JAMES, HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6900

Grace E. Speights (*pro hac vice* motion pending)
gspeights@morganlewis.com
Richard W. Black (*pro hac vice* motion pending)
rblack@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

Dated September 6, 2006        Attorneys for Defendant Home Depot U.S.A, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WESLEY ULMER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-459 |
| THE HOME DEPOT, INC., | ) ) ) | |
| Defendant. | ) ) | |

**CERTIFICATE OF ELECTRONIC SERVICE**

I, David H. Williams, hereby certify that on September 6, 2006, I electronically filed the attached **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

    R. Stokes Nolte, Esquire
    1010 N. Bancroft Parkway
    Suite 21
    Wilmington, DE 19805

    /s/ David H. Williams
    David H. Williams (#616)
    dwilliams@morrisjames.com
    MORRIS, JAMES, HITCHENS & WILLIAMS, LLP
    222 Delaware Avenue
    P.O. Box 2306
    Wilmington, DE 19899
    (302) 888-6900

                                  Grace E. Speights
                                  gspeights@morganlewis.com
                                  Richard W. Black
                                  rblack@morganlewis.com
                                  MORGAN, LEWIS & BOCKIUS, LLP
                                  1111 Pennsylvania Avenue, N.W.
                                  Washington, DC 20004
                                  (202) 739-5158

Dated:  September 6, 2006        Attorneys for Defendant Home Depot U.S.A, Inc.

1447656/1