IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WESLEY ULMER,                    :
                                 :
        Plaintiff,               :
                                 :
   v.                            :   Civil Action No. 06-459-JJF
                                 :
THE HOME DEPOT, INC.,            :
                                 :
        Defendant.               :

---

R. Stokes Nolte, Esquire of R. STOKES NOLTE, Wilmington, Delaware.

Attorney for Plaintiff.

Grace E. Speights, Esquire and Richard W. Black, Esquire of MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C.
David H. Williams, Esquire of MORRIS, JAMES, HITCHENS & WILLIAMS LLP.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

January 26, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss Plaintiff's Complaint For Failure To State A Claim (D.I. 6). For the reasons discussed, Defendant's Motion will be granted.

## BACKGROUND

Plaintiff initially filed the instant action in the Delaware Superior Court. Thereafter, Defendants filed a Notice of Removal on the basis of diversity of citizenship.

By his Complaint, Plaintiff alleges claims for breach of the duty of good faith and fair dealing (Count I) and punitive damages (Count II) in connection with his termination from his employment with Defendant, Home Depot USA, Inc.[1] Specifically, Plaintiff allege that on December 23, 2005, the Assistant Store Manager, Terence Monaghan, and Vincent Slanga, falsely accused Plaintiff of using sexually abusive and inflammatory language in the mens' bathroom on December 16, 2005. According to Plaintiff, Monaghan and Slanga told him that a vendor overheard remarks made in the mens' bathroom. Plaintiff denied committing the act, but contends that Monaghan and Slanga repeatedly told Plaintiff to confess to the incident so they could all go back to work. Under the "stress of the situation," Plaintiff allege that he "confessed" that he was talking on his cell phone. At that

---

[1] Plaintiff has incorrectly referred to Defendant in the caption of this case as Home Depot, Inc.

point, Plaintiff alleges that he was locked in Dan Alfaro's office with instructions to write the "confession." Plaintiff contends that he wrote the confession, and that his managers informed him that more detail was required. Plaintiff then added more information to the confession. Plaintiff contends that he was then returned to the Manager's office where he was terminated.

Plaintiff alleges that Defendant's conduct in terminating his employment amounted to a breach of the duty of good faith and fair dealing. Plaintiff further alleges that punitive damages are warranted, because Defendant acted "intentionally, maliciously and wantonly" when they locked him in an office to write a confession and subsequently terminated him.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v.

Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F. Supp. 64, 67 (D. Del. 1991) (citations omitted).

## DISCUSSION

As a threshold matter, the Court notes that in his Answering Brief in opposition to Defendant's Motion To Dismiss, Plaintiff concedes that he cannot seek punitive damages in connection with his claim for breach of the covenant of good faith and fair dealing. Accordingly, the Court will limit its discussion to Count I of the Complaint to determine whether Plaintiff has alleged sufficient facts to state a claim for breach of the covenant of good faith and fair dealing.

In Delaware, there is a "heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite." E.I. DuPont deNemours & Co. v. Pressman, 679 A.2d 436, 440 (Del. 1996). However, even an at-

will employment contract includes an implied covenant of good faith and fair dealing. <u>Layfield v. Beebe Medical Ctr., Inc.</u>, 1997 WL 7166900, *3-4 (Del. Super. Jul. 18, 1997). To establish a claim for breach of the covenant of good faith and fair dealing, the plaintiff must show that his claim falls into one of four exclusive categories: "(i) where the termination violated public policy; (ii) where the employer misrepresented an important fact and the employee relied 'thereon either to accept a new position or remain in a present one;' (iii) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination." <u>Lord v. Souder</u>, 748 A.2d 393, 400 (Del. 2000) (citing <u>Pressman</u>, 679 A.2d at 442-444). These exceptions to the doctrine of at-will employment are narrowly applied. <u>Geddis v. University of Delaware</u>, 40 Fed. Appx. 650, 653 (3d Cir. 2002) (citing <u>Pressman</u>, 679 A.2d at 442).

In this case, Plaintiff contends that his claim falls into two categories: (1) his employer misrepresented an important fact upon which Plaintiff relied, and (2) his employer falsified or manipulated employment records to create a fictitious grounds for termination. With respect to the first exception, Plaintiff alleges in his Complaint that "[t]he three managers repeatedly

4

told Plaintiff to confess so that they all could return to work." (D.I. 1, Exh. A at ¶ 13.) Plaintiff also alleges that his managers "wanted him to 'admit everything' and then everyone could go back to work." (Id. at ¶ 14.)

Reviewing Plaintiff's allegations in the light most favorable to him, the Court concludes that Plaintiff cannot state a claim. Under the second Pressman category, a claim only arises when "the employer misrepresented an important fact and the employee relied thereupon either to accept a new position or remain in a present one." Pressman, 679 A.2d at 442 (emphasis added). As this Court recognized in Brodsky v. Hercules, Inc., "the cases relied upon by the Pressman court in identifying this exception demonstrate the employer must make a misrepresentation which is targeted to ensnare a specific employee and alter in some way his status as an at-will employee." 966 F. Supp. 1337, 1351 (D. Del. 1997) (misrepresentation that plaintiff would be invited to move to North Carolina was insufficient to alter his employment status). Here, Plaintiff makes no allegation in his Complaint that he relied on his managers' remarks to accept a new position with his employer or another employer, or to remain in his current position instead of taking a new one. Further, even if the remarks by Plaintiff's managers that "they could all return to work" after the confession can be construed as a promise that Plaintiff could return to his job, the Court

5

concludes that the remarks cannot be construed as altering Plaintiff's status as an at-will employee.

Moreover, even if Plaintiff challenges his managers' beliefs that he was involved in the incident, courts have recognized that "Pressman does not stand for the proposition that whenever an employer terminates an at-will employee in the context of a factually disputed work incident . . . the employer exposes itself to a lawsuit for breach of the covenant."[2] Layfield, 1997 WL 716900 at *4. Rather, an element of fraud, deceit or misrepresentation is required to state a claim for breach of the covenant of good faith. Here, Plaintiff makes no allegations that his managers misrepresented the nature of the incident or invented or contrived the incident with a motive to terminate Plaintiff. To the contrary, Plaintiff alleges that his managers "advised Plaintiff what occurred, supplying all of the details of what is alleged to have happened in the bathroom . . ." (D.I. 1, Exh. A at ¶ 12.) Plaintiff further alleges that "he reacted to the stress of the situation" and confessed to the incident. (Id. at ¶ 14 (emphasis added).) Accordingly, the Court concludes that

---

[2] In a similar vein, the Delaware Supreme Court has more recently held that when an employer is faced with "'he said, she said'" accusations among its employees, "the employer should be given the right to resolve the disputes in the employer's best interest by exercising its right to end the employment relationship. . . . To hold otherwise would substantially erode the concept of employment at will." Gilliland v. St. Joseph's at Providence Creek, 2006 WL 258259, *8 (Del. Super. Jan. 27, 2006).

Plaintiff cannot establish a claim under the second Pressman category based on a misrepresentation by his employer which induced him to accept a new position or remain in his current position.

With respect to the fourth Pressman category involving the falsification or manipulation of employment records by the employer to create a fictitious grounds for termination, the Court likewise concludes that Plaintiff cannot state a claim. "If the employer did not actually falsify or manipulate employment records, then it does not matter if the employer gave a false rational for the termination." EEOC v. Avecia, 151 Fed. Appx. 162, 165-166 (3d Cir. 2005). Stated another way, the Pressman court has "only held culpable the manufacture of grounds for dismissal, not the statement of a false reason for dismissal." Williams v. Caruso, 966 F. Supp. 287, 291 (D. Del. 1997). Although Plaintiff alleges that he did so under "stress," Plaintiff allegations are clear that he authored the allegedly false confession, not his managers.[3] See Pressman, 679 A.3d at 438-439 (finding falsification of employment records where manager misrepresented plaintiff's responsibilities to his superiors so it looked like plaintiff wasn't completing his

---

[3] See also Gilliland v. St. Joseph's at Providence Creek, 2006 WL 258259 at *8 (declining to extend the fourth category of Pressman to impose a duty on an employer to protect an employee when there are false allegations of improper conduct against the employee).

assigned tasks, edited a progress report to understate plaintiff's accomplishments, and failed to disseminate a positive progress report to plaintiff's superiors while they were determining whether to fire him); Avecia, 151 Fed. Appx. at 165 (granting summary judgment in favor of employer and holding that "even if we assume that [the employer] falsely claimed that [plaintiff] was fired for behavioral and performance issues, this is not the kind of falsehood specified in the fourth category" of Pressman). Accordingly, the Court concludes that Plaintiff cannot state a claim for breach of the covenant of good faith and fair dealing under the fourth category of Pressman.

## CONCLUSION

For the reasons discussed, the Court will grant Defendant's Motion To Dismiss.

An appropriate Order will be entered.